```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
KRANTZ & BERMAN, LLP,                    :
                    Plaintiff,           :
                                         :    09 Civ. 9339 (DLC)
          -v-                            :
                                         :    OPINION & ORDER
SANDEEP DALAL,                           :
                    Defendant.           :
                                         :
----------------------------------------X
```

APPEARANCES:

For Plaintiff:

Larry Krantz
Krantz & Berman LLP
747 Third Avenue, 32nd Floor
New York, NY 10017

For Defendant:

Sandeep Dalal, pro se
1809 Devonshire Crescent
Houston, TX 77030


DENISE COTE, District Judge:

     This action concerns efforts by plaintiff, Krantz & Berman, LLP ("K&B"), to recover legal fees it claims it is owed by its former client, defendant Sandeep Dalal ("Dalal"), for services rendered in separate litigation before this Court.  K&B alleges that Dalal never paid the legal fees to which K&B claims it was entitled pursuant to a retainer agreement.  On November 30, 2009, Dalal filed a motion to dismiss or, in the alternative, for summary judgment.  On January 29, 2010, K&B filed a cross-

motion to compel arbitration and to stay this action.  For the following reasons, Dalal's motion to dismiss is denied, K&B's motion to compel arbitration is granted, and the action is stayed pending the outcome of the arbitration.

## BACKGROUND

The following facts are taken from the complaint and documents referenced therein.[1]  On March 7, 2002, K&B and Dalal entered into a retainer agreement (the "Retainer Agreement") pursuant to which K&B agreed to represent Dalal in connection with a contract dispute with India.com, Inc., India Holdings, Inc., and EasyLink Services Corp. (collectively, "EasyLink").  K&B agreed to defend Dalal in the suit filed by EasyLink and to file a counterclaim against EasyLink on Dalal's behalf.

The Retainer Agreement provided that K&B would be compensated for its services by a payment of "a flat fee of $10,000 plus an additional fee equivalent to 1/3 of the gross value of any settlement or judgment recovered" on Dalal's behalf (less the $10,000 flat fee).  The Retainer Agreement further provided that in the event Dalal discharged K&B "before the

---

[1] On a motion to dismiss, a court may consider "any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference . . . and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit."  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).

completion of [the] representation and the payment of all fees due under [the Retainer Agreement]," Dalal would "immediately become liable to pay the full amount of all the firm's time charges . . . and disbursements incurred in [the] representation from the beginning through the date of discharge."  Further, if after Dalal discharged K&B, "the litigation continue[d] to a judgment or settlement in [Dalal's] favor," K&B would "be entitled to its 1/3 portion of the judgment or settlement calculated on a pro-rata basis, less all amounts previously paid by [Dalal] for services rendered."[2]  The Retainer Agreement contains an arbitration provision, which provides:

> In the event that a dispute concerning fees arises under this agreement, any such dispute shall be resolved by arbitration and each party specifically waives its right to a jury trial.  The arbitration shall be brought in New York County and the laws of the State of New York shall apply to any dispute.

The Retainer Agreement does not, however, designate a specific arbitral forum.

Following execution of the Retainer Agreement, K&B represented Dalal in the EasyLink litigation, which culminated in a bench trial before this Court in December 2002.  At the conclusion of the bench trial, judgment was entered in Dalal's favor for $931,364, including interest, on December 17, 2002

---

[2] The Retainer Agreement defines "pro-rata" as "the hours expended by [K&B] relative to the total number of attorney hours expended by [K&B] plus any successor firms."

3

(the "December 2002 Judgment").  Following two rounds of post-trial Rule 59 motion practice, EasyLink appealed the judgment to the Second Circuit on September 24, 2003 and Dalal cross-appealed.  Initially, K&B represented Dalal in the cross-appeals, but was allegedly discharged by Dalal on November 6, 2003.  On November 14, 2003, K&B, who was still counsel of record, filed a motion with the Second Circuit to be relieved as Dalal's attorney.  K&B's withdrawal motion, which was unopposed, was granted by the Second Circuit on December 30, 2003.

On November 11, 2003, K&B sent an invoice to Dalal for legal services rendered and for unreimbursed expenses.  The invoice detailed more than 800 hours expended by K&B and demanded payment of $288,264.50 for services rendered.  By e-mail dated November 13, 2003, Dalal refused to pay K&B's invoice.  To date, Dalal has made no payment toward the November 11, 2003 invoice.  On March 2, 2004, K&B filed a Demand for Arbitration with the American Arbitration Association ("AAA").  Because the Retainer Agreement did not designate the AAA as the arbitral forum, the AAA required Dalal's consent in order to process K&B's demand.  Dalal did not consent, and on March 14, 2004, the AAA closed its file.

The litigation between Dalal and EasyLink continued.  On June 20, 2005, the Second Circuit reversed the December 2002 Judgment in favor of Dalal, set aside the damages award, and

remanded.  On remand, judgment was entered in favor of EasyLink on April 26, 2006 (the "April 2006 Judgment").  Dalal appealed.  On April 28, 2009, the Second Circuit reversed the April 2006 Judgment and remanded for entry of judgment in Dalal's favor and determination of damages.  On December 31, 2009, judgment was entered in Dalal's favor for $1,482,346.75, including interest.  See India.com, Inc. v. Dalal, No. 02 Civ. 111 (DLC), 2009 WL 5171734 (S.D.N.Y. Dec. 30, 2009).  On January 29, 2010, EasyLink filed a notice of appeal of the damages award.  The appeal is pending.

K&B filed a complaint against Dalal on November 10, 2009.  The complaint asserts claims for breach of contract, quantum meruit, and for a charging lien pursuant to N.Y. Judiciary Law § 475.  On November 30, Dalal filed a motion to dismiss or, in the alternative, for summary judgment.  Dalal argues that the complaint should be dismissed: (1) for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5); (2) for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because the Retainer Agreement contains a mandatory arbitration clause; and (3) for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) because K&B's claims are barred by the relevant statutes of limitations.  On January 29, 2010, K&B filed its opposition to Dalal's motion, as well as a cross-motion to compel arbitration pursuant to the Federal Arbitration Act

("FAA"), 9 U.S.C. § 1 et seq.  On March 1, Dalal filed his reply and opposition to K&B's cross-motion to compel arbitration.  In his opposition, Dalal argues that K&B's arbitration demand is untimely because its underlying claims are time-barred.  The motions became fully submitted on March 5.[3]

DISCUSSION

1.  Service of Process

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  Dynegy Midstream Servs. v. Trammochem, 451 F.3d 89, 94 (2d Cir. 2006).  "[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service."  Burda Media, Inc. v. Viertel, 417 F.3d 292, 298-99 (2d Cir. 2005) (citation omitted).

Service of process on an individual within a judicial district of the United States may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  Because this Court sits in New York and Dalal was served in Texas, service had to comply with either New York or Texas law.

---

[3] Dalal submitted a surreply in the form of a letter dated March 10, 2010.  None of his arguments therein would alter the conclusions reached in this Opinion.

Alternatively, service of process could be achieved by "delivering a copy of the summons and of the complaint to the individual personally."  Fed. R. Civ. P. 4(e)(2)(A).

Service of the summons and complaint on Dalal was sufficient.  On November 30, 2009, in accordance with Fed. R. Civ. P. 4(l), K&B timely filed an affidavit of service from its process server affirming that the summons and complaint were delivered by personal service to Dalal at his home address in Texas on November 21, 2009.  This method of service complied with both N.Y. C.P.L.R. § 308(1) and Tex. R. Civ. P. 106(a)(1), as well as with Fed. R. Civ. P. 4(e)(2)(A).

Dalal alleges that the "summons was left outside [his] house" and that "[n]o person over the age of 18 was given the summons and none signed for it."  He further alleges that the affidavit of service "is a fraud" and is "deficient on its face" because it fails to provide a physical description of the person upon whom service was made.  Although N.Y. C.P.L.R. § 306(b) requires that an affidavit of service include a physical description of the person upon whom service was made, the Texas Rules of Civil Procedure contain no such requirement.  See Tex. R. Civ. P. 107 (prescribing requirements for return of service). Furthermore, Dalal failed to submit a sworn affidavit containing specific facts to rebut the statements in the process server's affidavit of service.  The absence of such a sworn statement is

7

telling given that Dalal submitted a sworn affidavit in connection with his motion for summary judgment, yet did not affirm his allegations concerning lack of service.  Because service of process on Dalal was valid under Texas law, and since Dalal has failed to submit any evidence to undermine the affidavit of service filed by K&B, his motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) is denied.

2.   Breach of Contract and Quantum Meruit Claims

Dalal moves to dismiss the breach of contract and quantum meruit claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P 12(b)(1).  Dalal argues that the mandatory arbitration provision in the Retainer Agreement "precludes any involvement by this Court, except to the extent the Court's power is sought to enforce the arbitration provision agreed to by both parties."[4]  Under certain circumstances a court may construe a motion to dismiss based on the existence of a mandatory arbitration provision as a motion to compel

---

[4] Dalal also argues that subject matter jurisdiction is lacking because K&B's claims are subject to the mandatory New York Fee Dispute Resolution Program.  See N.Y. Comp. Codes R. & Regs. tit. 22, § 137.1 ("Section 137").  Section 137 does not apply, however, to "amounts in dispute involving a sum of less than $1,000 or more than $50,000" unless the parties have consented. Id. § 137.1(b)(2).  Section 137 also does not apply to "disputes where no attorney's services have been rendered for more than two years."  Id. § 137.1(b)(6).  Because the instant dispute is covered by both of these exceptions, Section 137 has no relevance here.

arbitration.  See Wabtec Corp. v. Faiveley Transp. Malmo AB, 525 F.3d 135, 139-40 (2d Cir. 2008).  It is unnecessary to do so here, however, because K&B has cross-moved to stay the action pending arbitration and to compel arbitration of the breach of contract and quantum meruit claims.[5]

The FAA "creates a body of federal substantive law of arbitrability applicable to arbitration agreements affecting interstate commerce."  Ragone v. Atl. Video at Manhattan Ctr., 595 F.3d 115, 121 (2d Cir. 2010) (citation omitted).  The FAA does not, however, "independently confer subject matter jurisdiction on the federal courts."  Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 63 (2d Cir. 2009) (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n. 32 (1983)) ("Dupont").  "Thus, there must be an independent basis of jurisdiction before a district court may entertain petitions under the Act."  Dupont, 565 F.3d at 63 (citation omitted).  Here, it is undisputed that diversity jurisdiction exists.  K&B and Dalal are citizens of different

---

[5] Dalal contends that K&B's motion to compel arbitration is itself untimely because the underlying claims are untimely.  As discussed below, the timeliness of K&B's claims is an issue to be decided by the arbitrator, not this Court.  Dalal provides no legal authority to support the theory that, even where an arbitrator must decide the issue of timeliness, a court may nonetheless deny a motion to compel arbitration as untimely by "looking through" to the timeliness of the underlying claims.

states for diversity jurisdiction purposes[6], and the amount in controversy "exceeds . . . $75,000, exclusive of interest and costs."  See 28 U.S.C. § 1332(a); Dupont, 565 F.3d at 63.

"The FAA is an expression of a strong federal policy favoring arbitration as an alternative means of dispute resolution."  Ragone, 595 F.3d at 121 (citation omitted).  Thus, the Supreme Court has said on numerous occasions that "the central or primary purpose of the FAA is to ensure that private agreements to arbitrate are enforced according to their terms." Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., No. 08-1198, -- S.Ct. --, 2010 WL 1655826, at *11 (Apr. 27, 2010) (citation omitted) ("Stolt-Nielsen").  The FAA requires that an arbitration clause in a contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2; Stolt-Nielsen, 2010 WL 1655826, at *11.  Under § 4 of the FAA, "a party to an arbitration agreement may petition a United States district court for an order directing that 'arbitration proceed in the manner provided for in such agreement.'"  Stolt-Nielsen, 2010 WL 1655826, at *11 (quoting 9 U.S.C. § 4).

---

[6] K&B is a limited liability partnership and thus has the citizenship of all of its partners for purposes of establishing diversity.  See Herrick Co., Inc. v. SCS Commc'ns, Inc., 251 F.3d 315, 322 (2d Cir. 2001) (citing Carden v. Arkoma Assoc., 494 U.S. 185, 192-95 (1990)).  None of K&B's partners are domiciled in Washington, D.C., where Dalal was domiciled when the complaint was filed.

10

Section 3 of the FAA requires a district court to "stay proceedings if satisfied that the parties have agreed in writing to arbitrate an issue or issues underlying the district court proceeding." WorldCrisa Corp. v. Armstrong, 129 F.3d 71, 74 (2d Cir. 1997) (citing 9 U.S.C. § 3).  To determine whether all or part of an action should be sent to arbitration, the Court must consider: (1) whether the parties agreed to arbitrate; (2) the scope of that agreement; (3) if federal statutory claims are asserted, whether Congress intended those claims to be nonarbitrable; and (4) if some, but not all, of the claims in the case are arbitrable, whether to stay the balance of the proceedings pending arbitration.  JLM Industries, Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 169 (2d Cir. 2004).

     Pursuant to the arbitration clause in the Retainer Agreement, the breach of contract and quantum meruit claims must be arbitrated.  Dalal and K&B do not dispute that they agreed to arbitrate any dispute concerning legal fees arising under the Retainer Agreement, or that the scope of the arbitration provision encompasses these claims.  Because no federal statutory claims are asserted in this action, the third prong of the test is inapplicable.  With respect to the fourth prong, Dalal and K&B agree that the claim for a charging lien pursuant to N.Y. Judiciary Law § 475 is not subject to arbitration.

The sole ground on which Dalal resists arbitration is that the breach of contract and quantum meruit claims are barred by the relevant statutes of limitations.  Generally, a defense based on timeliness is an issue for the arbitrator, not the court.  Under the FAA, "if the claims are subject to a valid and enforceable arbitration agreement, the arbitrator, not the court, should be deciding the statute of limitations issue."  Martens v. Thomann, 273 F.3d 159, 179 n.14 (2d Cir. 2001); see also Shearson Lehman Hutton, Inc. v. Wagoner, 944 F.2d 114, 120-21 (2d Cir. 1991).  Dalal contends, however, that his timeliness defense should be determined by the Court, not the arbitrator, because under New York law, a court has the power to decide the threshold issue of timeliness.  See N.Y. C.P.L.R. §§ 7502(b) & 7503.  Dalal argues that New York procedural rules governing arbitrations apply because the Retainer Agreement contains a choice of law provision that states that "the laws of the State of New York shall apply to any dispute."  Dalal contends that this choice of law provision is evidence of the parties' intent to be bound by New York's procedural rules.

"Whether enforcing an agreement to arbitrate or construing an arbitration clause, courts and arbitrators must give effect to the contractual rights and expectations of the parties."  Stolt-Nielsen, 2010 WL 1655826, at *11 (citation omitted).  "[P]arties are generally free to structure their arbitration

12

agreements as they see fit," and may therefore "agree to limit the issues they choose to arbitrate." Id. at *12 (citation omitted).  The New York Court of Appeals has held, however, that for agreements to which the FAA applies, if "[t]he parties did not express an intent to have New York law govern their agreement's enforcement," then "the timeliness issue should be determined by the arbitrator."  Diamond Waterproofing Sys., Inc. v. 55 Liberty Owners Corp., 826 N.E.2d 802, 806 (N.Y. 2005) (emphasis added).  "A choice of law provision, which states that New York law shall govern both 'the agreement and its enforcement,' adopts as binding New York's rule that threshold Statute of Limitations questions are for the courts."  Id.  "In the absence of more critical language concerning enforcement, however, all controversies, including issues of timeliness, are subjects for arbitration."  Id.

Because the choice of law provision in the Retainer Agreement lacks the "critical language" concerning enforcement, and because there is no other indication that the parties intended for New York's procedural rules governing arbitrations to apply, Dalal's statute of limitations defense must be decided by the arbitrator.  See Wagoner, 944 F.2d at 121; see also PaineWebber Inc. v. Bybyk, 81 F.3d 1193, 1200 (2d Cir. 1996) (New York choice of law provision did not prevent arbitration of

13

issue of timeliness).⁷  "If [K&B's] claim[s] [are] untimely, [Dalal's] remedy is to defend the arbitration action on timeliness grounds, not to enjoin arbitration altogether." PaineWebber, 81 F.3d at 1200.  Dalal's motion to dismiss the breach of contract and quantum meruit claims is therefore denied.

K&B has also moved to appoint an arbitrator pursuant to § 5 of the FAA.  Section 5 provides that if an arbitration agreement fails to provide "a method of naming or appointing an arbitrator," then "upon the application of either party to the controversy the court shall designate and appoint an arbitrator."  9 U.S.C. § 5; see generally ACEquip Ltd. v. American Engineering Corp., 315 F.3d 151, 156 (2d Cir. 2003).

---

⁷ In support of his argument that the choice of law provision in the Retainer Agreement requires the application of New York's rules of arbitration, Dalal cites Volt Info. Sciences Inc. v. Leland Stanford Jr. Univ., 489 U.S. 468 (1989).  Dalal's reliance on Volt is misplaced.  In Volt, the Supreme Court affirmed the decision of the California Court of Appeals which, applying California contract law, had interpreted a choice of law provision to reflect the contracting parties' intent to incorporate the "California rules of arbitration."  Volt, 489 U.S. at 472.  In so holding, however, the Supreme Court specifically disclaimed any review of the California court's interpretation of California contract law.  See id. at 474 ("[T]he interpretation of private contracts is ordinarily a question of state law, which this Court does not sit to review.").  Instead, the Supreme Court addressed only the question of whether the FAA mandated a different result.  See id. at 474-79.  Volt therefore has no bearing on the interpretation of the choice of law provision at issue here, which under Diamond Waterproofing, 826 N.E.2d at 806, is insufficient to demonstrate the parties' intent to incorporate New York's rules of arbitration.

"[U]nless otherwise provided in the agreement the arbitration shall be by a single arbitrator." 9 U.S.C. § 5. While the Retainer Agreement provides that the "arbitration shall be brought in New York County and the laws of the State of New York shall apply to any dispute," it does not appoint an arbitrator or provide a method for appointing an arbitrator. Accordingly, the requirements of 9 U.S.C. § 5 for appointment of an arbitrator are satisfied. See ACEquip, 315 F.3d at 157. Because Dalal has not indicated that he objects to the AAA as the arbitral forum, the parties shall be directed to arbitrate the breach of contract and quantum meruit claims pursuant to the AAA rules and to follow the AAA rules for the appointment of a single arbitrator.

3.   N.Y. Judiciary Law § 475 Claim

Dalal moves to dismiss K&B's claim for a charging lien under N.Y. Judiciary Law § 475 as time-barred. K&B argues that this claim is timely, but requests that adjudication of the claim be stayed pending the outcome of the arbitration.

"New York's statutory charging lien is a device to protect counsel against 'the knavery of his client,' whereby through his effort, the attorney acquires an interest in the client's cause of action." Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 177 (2d Cir. 2001) (quoting In re City of New York,

15

157 N.E.2d 587, 590 (N.Y. 1959)).  Under § 475, an "attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a . . . decision, judgment or final order in his client's favor."  N.Y. Judiciary L. § 475 (McKinney 2005); see also Tunick v. Shaw, 842 N.Y.S.2d 395, 397 (1st Dep't 2007) ("The lien is imposed on the client's cause of action, in whatever form it may take during the course of litigation, and follows the proceeds, wherever they may be found.").  "The court upon the petition of the client or attorney may determine and enforce the lien."  N.Y. Judiciary L. § 475.  An attorney may bring a § 475 petition "both while the action is pending" or "in a separate lawsuit." Schneider, Kleinick, Weitz, Damashek & Shoot v. City of New York, 754 N.Y.S.2d 220, 223 (1st Dep't 2002).  Because "an attorney's recovery under Judiciary Law § 475 is contingent upon his client reaching a favorable outcome," id., a § 475 claim cannot be said to be untimely if brought when a court reaches a "decision, judgment or final order in his client's favor."

In this case, K&B filed its § 475 claim against Dalal on November 10, 2009, after the Second Circuit had remanded the EasyLink litigation to enter judgment in favor of Dalal, but before the amount of damages had been determined.  A final judgment in favor of Dalal was entered on December 31, 2009. Accordingly, K&B's § 475 claim to determine and enforce its

16

charging lien against the judgment in Dalal's favor is timely, and Dalal's motion to dismiss this claim is denied. Adjudication of the merits of the § 475 claim shall be stayed pending the outcome of the arbitration.[8]

## CONCLUSION

Dalal's November 30, 2009 motion to dismiss or, in the alternative, for summary judgment is denied.  K&B's January 29, 2010 motion to compel arbitration of the breach of contract and quantum meruit claims, stay this action with respect to the N.Y. Judiciary L. § 475 claim, and appoint an arbitrator, is granted. The parties are directed to proceed to arbitration pursuant to the rules of the AAA, and to follow the AAA rules for the appointment of a single arbitrator.  This action will remain in suspense status pending the outcome of the arbitration.

SO ORDERED:

Dated:   New York, New York
         May 11, 2010

                                    _____
                                            DENISE COTE
                                    United States District Judge

---

[8] Because the breach of contract and quantum meruit claims will be arbitrated, and the § 475 claim is stayed, Dalal's motion for summary judgment is denied without prejudice to renewal pending the outcome of the arbitration, if appropriate.

17