```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
KRANTZ & BERMAN, LLP,                    :
                    Plaintiff,           :
                                         :    09 Civ. 9339 (DLC)
         -v-                             :
                                         :    OPINION & ORDER
SANDEEP DALAL,                           :
                    Defendant.           :
                                         :
-----------------------------------------X
```

APPEARANCES:

For Plaintiff:

Larry Krantz
Krantz & Berman LLP
747 Third Avenue, 32nd Floor
New York, NY 10017

For Defendant:

Sandeep Dalal, pro se
1809 Devonshire Crescent
Houston, TX 77030

DENISE COTE, District Judge:

Defendant Sandeep Dalal ("Dalal") moves for reconsideration of the May 11, 2010 Opinion and Order denying Dalal's motion to dismiss and granting plaintiff Krantz & Berman LLP's ("K&B") cross-motion to compel arbitration of its breach of contract and quantum meruit claims.  See Krantz & Berman, LLP v. Dalal, No. 09 Civ. 9339 (DLC), 2010 WL 1875695 (S.D.N.Y. May 11, 2010) (the "May 11 Opinion").  For the following reasons, Dalal's motion is denied.

BACKGROUND

The Court assumes the parties' familiarity with the relevant facts and procedural history.  This action concerns efforts by K&B to recover legal fees it claims it is owed by Dalal, its former client, pursuant to a March 7, 2002 Retainer Agreement (the "Retainer Agreement"), for services rendered in connection with related litigation before this Court.  The Retainer Agreement contains an arbitration clause, which provides:

> In the event that a dispute concerning fees arises under this agreement, any such dispute shall be resolved by arbitration and each party specifically waives its right to a jury trial.  The arbitration shall be brought in New York County and the laws of the State of New York shall apply to any dispute.

The interpretation of the choice of law provision in the arbitration clause is the principal source of the instant dispute between the parties.

Following a bench trial in the related litigation, during which Dalal was represented by K&B, judgment was entered in favor of Dalal in December 2002.  On November 6, 2003, while the December 2002 judgment was on appeal, Dalal allegedly discharged K&B as his counsel.  On November 11, K&B sent an invoice to Dalal for $288,264.50 for legal services rendered and

unreimbursed expenses.[1]  Dalal refused to pay.  On March 2, 2004, K&B filed a Demand for Arbitration with the American Arbitration Association ("AAA").  Dalal did not consent to arbitration and the AAA closed its file.

Meanwhile, Dalal continued to press his claims in the related litigation before this Court and the Court of Appeals for the Second Circuit.  Pursuant to an April 28, 2009 remand from the Court of Appeals, judgment was entered in Dalal's favor for $1,482,346.75, including interest, on December 31, 2009.[2]

On November 10, 2009, K&B filed the complaint in the instant action against Dalal, asserting claims for breach of contract, quantum meruit, and for a charging lien pursuant to N.Y. Judiciary Law § 475.  On November 30, Dalal filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(5), and 12(b)(6), or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56.  On January 29, 2010, K&B filed its opposition to Dalal's motion, as well as a cross-motion to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq.  The motions became fully

---

[1] On November 14, 2003, K&B, who was still counsel of record for Dalal, filed a motion with the Court of Appeals for the Second Circuit to be relieved as Dalal's counsel in the pending appeal of the December 2002 judgment.  K&B's withdrawal motion, which was unopposed, was granted on December 30, 2003.

[2] The December 2009 judgment concerning damages is now on appeal.

submitted on March 5.  On March 10, Dalal submitted an unauthorized surreply.

The May 11 Opinion found that service of process was sufficient and therefore denied Dalal's motion to dismiss for lack of personal jurisdiction.  K&B's cross-motion to compel arbitration was granted.  Pursuant to the arbitration clause in the Retainer Agreement, the parties were directed to submit K&B's breach of contract and quantum meruit claims to arbitration under AAA rules.  The May 11 Opinion found that Dalal's statute of limitations defense had to be decided by the arbitrator because the arbitration provision did not evince an intent by the parties to be bound by New York's procedural rules.  May 11 Opinion, 2010 WL 1875695, at *5.  K&B's claim for a charging lien was stayed pending the outcome of the arbitration.

On May 25, Dalal timely moved for reconsideration of the May 11 Opinion.[3]  Dalal also requested leave to file an affidavit related to service of process, which was denied pursuant to

---

[3] Dalal's motion was styled a "Rule 59 Motion," which is an apparent reference to Fed. R. Civ. P. 59.  Rule 59 permits a party to move for a new trial, or to alter or amend a judgment.  Dalal's motion is construed to be a motion for reconsideration pursuant to Local Civil Rule 6.3.

4

Local Civil Rule 6.3 by Order dated May 28.[4]  Dalal's principal argument is that the May 11 Opinion improperly relied on the New York Court of Appeals' decision in Diamond Waterproofing Sys., Inc. v. 55 Liberty Owners Corp., 826 N.E.2d 802 (N.Y. 2005) ("Diamond Waterproofing"), when it concluded that the arbitrator, rather than the Court, should determine whether K&B's breach of contract and quantum meruit claims are time-barred.  Dalal also argues that the May 11 Opinion should not have compelled arbitration because that relief was not demanded in the complaint and because K&B waived its right to arbitration by filing this action.  K&B filed its opposition on June 16 and the motion became fully submitted on June 25.  On June 25, Dalal also filed a motion styled as "Motion for Stay of Arbitration Pending Final Disposition of Arguments" in which he seeks a stay of the arbitration pending a decision on his motion for reconsideration.

## DISCUSSION

The standard for reconsideration is strict.  "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court

---

[4] Local Civil Rule 6.3 provides that on a motion for reconsideration, "[n]o affidavits shall be filed by any party unless directed by the court."

overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003) (citation omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Likewise, a party moving for reconsideration may not "advance new facts, issues, or arguments not previously presented to the Court." Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc., 265 F.3d 97, 115 (2d Cir. 2001) (citation omitted). The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted). Dalal's motion fails to meet this standard.

First of all, Dalal's argument concerning the applicability of Diamond Waterproofing, 826 N.E.2d 802, is identical to an argument made in his unauthorized March 10 surreply. Dalal argues that the proper controlling precedent is, instead, Smith Barney, Harris Upham & Co., Inc. v. Luckie, 647 N.E.2d 1308 (N.Y. 1995) ("Luckie"). The May 11 Opinion acknowledged Dalal's surreply, but concluded that "[n]one of [the] arguments therein would alter the conclusion reached in [the] Opinion." May 11 Opinion, 2010 WL 1875695, at *2 n.3. Thus, because Dalal "seeks solely to relitigate an issue already decided," Shrader, 70 F.3d

6

at 257, his motion for reconsideration on this ground must be denied.

In any event, Dalal's assertion that <u>Diamond Waterproofing</u> does not control here is simply incorrect. As the May 11 Opinion stated, the New York Court of Appeals in <u>Diamond Waterproofing</u> held:

> A choice of law provision, which states that New York law shall govern both 'the agreement <u>and its enforcement</u>,' adopts as binding New York's rule that threshold Statute of Limitations questions are for the courts. . . .  In the absence of more critical language concerning enforcement, however, all controversies, including issues of timeliness, are subjects for arbitration.

<u>May 11 Opinion</u>, 2010 WL 1875695, at *5 (quoting <u>Diamond Waterproofing</u>, 826 N.E.2d at 806 (emphasis in original)). This holding was central to the determination that the choice of law provision at issue in <u>Diamond Waterproofing</u> -- which is virtually identical to the choice of law provision at issue here[5] -- was insufficient to evince the parties' "intent to have New York law govern their agreement's <u>enforcement</u>." <u>Diamond Waterproofing</u>, 826 N.E.2d at 806 (emphasis added). Therefore,

---

[5] In <u>Diamond Waterproofing</u>, the parties agreed to submit "[a]ny controversy or Claim arising out of or related to the Contract" to arbitration. 826 N.E.2d at 804. The choice of law provision provided only that "[t]he Contract shall be governed by the place where the Project is located." <u>Id.</u>  In <u>Diamond Waterproofing</u>, it was undisputed that the place of the project was New York, and that the contractual reference was therefore to New York law.

7

in accordance with the general rule under the FAA, the Court of Appeals concluded that "the timeliness issue should be determined by the arbitrator."  Id.

Contrary to Dalal's contention, the Court of Appeals' conclusion in Diamond Waterproofing is not inconsistent with its earlier decision in Luckie.  In Luckie, 647 N.E.2d 1308, the Court of Appeals held that where an arbitration provision evidences the parties' intention to have New York's procedural rules apply to an arbitrable dispute, the statute of limitations issue may be determined by the court rather than by the arbitrator.  See id. at 1313.  With respect to the dispute in Luckie, the court concluded that "the parties' choice that New York law would govern 'the agreement and its enforcement'" was sufficient to evidence "their intention to arbitrate to the extent allowed by [New York] law."  Id. (emphasis in original).

In this case, as in Diamond Waterproofing, there is no language in the arbitration clause, or elsewhere in the Retainer Agreement, evidencing the parties' intention to apply New York's procedural rules.  As the May 11 Opinion found, the arbitration clause in the Retainer Agreement not only lacks the "critical language" concerning enforcement that was dispositive in Luckie, but "there is no other indication that the parties intended for New York's procedural rules governing arbitrations to apply."

8

May 11 Opinion, 2010 WL 1875695, at *5.[6]  Therefore, as the May 11 Opinion concluded, Dalal's timeliness defense must be decided by the arbitrator, not this Court.[7]

Dalal next argues that the May 11 Opinion should not have ordered arbitration because K&B did not request such relief in the complaint.  This argument is without merit.  Section 3 of the FAA permits a district court to stay proceedings in an action brought "upon any issue referable to arbitration . . . on application of one of the parties."  See 9 U.S.C. § 3 (emphasis added).  Further, pursuant to § 4 of the FAA, the court may direct the parties to proceed to arbitration if there has been a

---

[6] Dalal points to language in the arbitration clause in the Retainer Agreement providing that any "arbitration shall be brought in New York County" as evidencing the parties' intention that New York's procedural rules would apply.  Dalal asserts that "an arbitration in NY County can only be conducted[,] enforced[,] and appealed to courts bound by [N.Y.] C.P.L.R. § 101, and thus compelled to apply New York law."  Dalal's assertion is both factually and legally flawed.  It is not necessarily the case that an arbitration in New York County will exclusively be enforced by, or appealed to, a state, rather than federal, court.  Moreover, the fact that the C.P.L.R. governs procedure in New York State Courts has no bearing on the procedure that applies in a federal district court in New York.

[7] In his motion for reconsideration, Dalal obliquely refers to another argument in his unauthorized March 10 surreply, namely that the FAA is inapplicable because the Retainer Agreement did not affect interstate commerce.  Again, the arguments in the surreply were already considered and rejected as noted in the May 11 Opinion.  May 11 Opinion, 2010 WL 1875695, at *2 n.3.  In any event, the Retainer Agreement -- pursuant to which K&B (a New York law firm) represented Dalal (a Washington, D.C. resident at the time) in a lawsuit against a New Jersey company in litigation in New York -- clearly affected interstate commerce.

9

"failure, neglect, or refusal of another [party] to arbitrate under a written agreement."  9 U.S.C. § 4.  Given that Dalal had previously failed to proceed to arbitration, K&B's motion to compel arbitration and stay this action -- which Dalal does not dispute concerns an issue subject to arbitration under the Retainer Agreement -- was entirely proper.

In a similar vein, Dalal argues that K&B waived its right to arbitration by the mere act of filing this action.  This argument was raised by Dalal for the first time in his March 10 unauthorized surreply, and was previously considered and rejected as noted in the May 11 Opinion.  May 11 Opinion, 2010 WL 1875695, at *2 n.3.[8]  In any event, Dalal has failed to show that K&B waived its right to arbitration.  "There is a strong presumption in favor of arbitration, and waiver of the right to arbitration is not to be lightly inferred."  Thyssen, Inc. v. Calypso Shipping Corp., S.A., 310 F.3d 102, 104-05 (2d Cir. 2002) (citation omitted).  "The key to a waiver analysis is prejudice.  Waiver of the right to compel arbitration due to participation in litigation may be found only when prejudice to the other party is demonstrated."  Id. at 105 (citation

---

[8] The question of waiver here need not be reserved for the arbitrator.  See Doctor's Assocs., Inc. v. Distajo, 66 F.3d 438, 456 n.12 (2d Cir. 1995) ("[A] district court may reach the question of waiver whenever a party seeking arbitration has engaged in any prior litigation [on the dispute]." (emphasis added)).

omitted).  As this litigation was in its nascent phase when K&B moved to compel arbitration, and because Dalal has failed to show that he suffered any prejudice, K&B did not waive its right to arbitration.[9]

Lastly, Dalal argues that in finding that service of process was sufficient, the May 11 Opinion failed to consider a February 4, 2010 e-mail from K&B to Dalal which states, in pertinent part:  "[W]e respectfully request that you withdraw your objection to service of process, since you acknowledge receipt of the papers and we have now served them twice."  Dalal also points to the fact that K&B served the summons and complaint on Dalal multiple times.  Neither K&B's request that Dalal drop his objection based on service of process, nor the fact that K&B served Dalal multiple times alters the conclusion in the May 11 Opinion that service of process was sufficient here.[10]

---

[9] K&B filed its cross-motion to compel arbitration in response to Dalal's motion to dismiss the complaint.  No other proceedings, not even an initial conference, or any discovery had yet occurred in the action.  Dalal does not claim, nor could he, that he suffered any prejudice by merely having to brief the arbitrability issue in connection with his motion to dismiss.

[10] Dalal's remaining arguments concern the timeliness and merits of K&B's claims, which are properly directed to the arbitrator.  In his reply brief, Dalal also objects to the selection of the AAA as the arbitral forum.  Because this is the first time that Dalal has raised this objection, it is untimely and shall not be considered.

CONCLUSION

The May 25 motion for reconsideration of the May 11 Opinion is denied. The June 25 motion for a stay of arbitration is denied as moot. Because this action is stayed pursuant to 9 U.S.C. § 3 pending the outcome of the arbitration, Dalal is advised that the May 11 Opinion is not immediately appealable. See Salim Oleochemicals v. M/V SHROPSHIRE, 278 F.3d 90, 92 (2d Cir. 2002). The parties shall promptly proceed to arbitration in accordance with AAA rules.

SO ORDERED:

Dated: New York, New York
July 2, 2010

DENISE COTE
United States District Judge