```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
KRANTZ & BERMAN, LLP,                   :
                    Plaintiff,          :
                                        :       09 Civ. 9339 (DLC)
          -v-                           :
                                        :          OPINION & ORDER
SANDEEP DALAL,                          :
                    Defendant.          :
                                        :
---------------------------------------- X
```

APPEARANCES:

For Plaintiff:
Larry Howard Krantz
Krantz & Berman LLP
747 Third Avenue, 32nd Floor
New York, NY 10017

For Defendant:
Sandeep Dalal, pro se
1809 Devonshire Crescent
Houston, TX 77030

DENISE COTE, District Judge:

Plaintiff Krantz & Berman LLP ("K&B") has filed a motion to lift the stay imposed by the Court in this action, confirm an arbitration award, and enter judgment against defendant Sandeep Dalal ("Dalal"). Dalal has filed a motion to vacate or modify the arbitration award. For the following reasons, K&B's motion to confirm the arbitration award is granted and Dalal's cross-motion to vacate the award is denied.

BACKGROUND

1.  The Dispute

A detailed account of the events underlying this action can be found in the Court's Opinions of May 11 and July 2, 2010. See Krantz & Berman, LLP v. Dalal, No. 09 Civ. 9339 (DLC), 2010 WL 1875695 (S.D.N.Y. May 11, 2010); Krantz & Berman, LLP v. Dalal, No. 09 Civ. 9339 (DLC), 2010 WL 2674590 (S.D.N.Y. July 2, 2010).  Briefly, this action concerns efforts by K&B to recover legal fees from its former client Dalal pursuant to a March 7, 2002 Retainer Agreement (the "Retainer Agreement") for services rendered in connection with related litigation before this Court.  The Retainer Agreement contains an arbitration clause, which provides:

> In the event that a dispute concerning fees arises under this agreement, any such dispute shall be resolved by arbitration and each party specifically waives its right to a jury trial.  The arbitration shall be brought in New York County and the laws of the State of New York shall apply to any dispute.

Following a bench trial in the related litigation, during which Dalal was represented by K&B, judgment was entered in favor of Dalal in December 2002.  On November 6, 2003, while the December 2002 judgment was on appeal, Dalal discharged K&B as his counsel.  On November 11, K&B sent an invoice to Dalal for $288,264.50 for legal services rendered and unreimbursed

expenses.[1]  Dalal refused to pay.  On March 2, 2004, K&B filed a Demand for Arbitration with the American Arbitration Association ("AAA").  Dalal did not consent to arbitration and the AAA closed its file.

Meanwhile, Dalal continued to press his claims in the related litigation before this Court and the Court of Appeals for the Second Circuit.  Pursuant to an April 28, 2009 remand from the Court of Appeals, judgment was entered in Dalal's favor for $1,482,346.75, including interest, on December 31, 2009.  The December 31 judgment was affirmed by the Second Circuit on April 20, 2011.  See India.com v. Dalal, Nos. 10-438-cv & 10-612-cv, 2011 WL 1486074 (2d Cir. Apr. 20, 2011).

On November 10, 2009, K&B filed the complaint in the instant action against Dalal, asserting claims for breach of contract, quantum meruit, and for a charging lien pursuant to N.Y. Judiciary Law § 475.  On November 30, Dalal filed a motion to dismiss or, in the alternative, for summary judgment.  On January 29, 2010, K&B filed its opposition to Dalal's motion to dismiss and a cross-motion to compel arbitration.  By an Opinion of May 11, 2010 (the "May 11 Opinion"), the Court granted K&B's cross-motion to compel arbitration and directed the parties to

---

[1] On November 14, 2003, K&B, who was still counsel of record for Dalal, filed a motion with the Court of Appeals for the Second Circuit to be relieved as Dalal's counsel in the pending appeal of the December 2002 judgment.  K&B's withdrawal motion, which was unopposed, was granted on December 30, 2003.

submit K&B's breach of contract and quantum meruit claims to arbitration under AAA rules.  See Dalal, 2010 WL 1875695.  The May 11 Opinion stayed K&B's claim for a charging lien pending the outcome of the arbitration.  On July 2, 2010, the Court denied Dalal's motion for reconsideration.  See Dalal, 2010 WL 2674590.

2.  The Arbitration and Award

On May 21, 2010, K&B filed a claim with the AAA seeking judgment against Dalal, including interest, based on its final bill of services to Dalal and its share of a contingent fee arrangement.  Dalal subsequently moved to dismiss K&B's claims as barred by the statute of limitations.  The arbitrator denied Dalal's motion on November 3, 2010, finding that K&B had filed its complaint within six years of Dalal's breach of contract on November 13, 2003.

On February 3, 2011, the arbitrator issued an award (the "Award") in favor of K&B in the amount of $470,937.17.  The arbitrator also ordered Dalal to reimburse K&B for the $9,600 in AAA fees that K&B had advanced on Dalal's behalf.  The arbitrator dismissed K&B's contingent fee demand without prejudice to renewal once the December 31, 2009 judgment became final.

On February 28, 2011, K&B filed a motion to lift the stay, confirm the Award, and enter judgment against Dalal.  Dalal filed a cross-motion to vacate the Award on April 4.  Dalal subsequently filed supplemental papers in support of his motion to vacate; all briefing was fully submitted by April 29.

                            DISCUSSION

In his motion to vacate the Award, Dalal both challenges this Court's jurisdiction to confirm the Award and attacks the Award on its merits.  Dalal argues that the Court lacks jurisdiction because the Retainer Agreement does not provide for judicial confirmation of any arbitral award, and because service of the notice of application to this Court to confirm the Award was improper.  Dalal further cites a host of reasons why the Award should be vacated, including that the arbitrator acted in manifest disregard of the law when he held that K&B's claims were not time-barred; that the arbitrator committed misconduct when he refused to allow Dalal to take discovery on the customary billing practices of K&B; that the Award is not "final" as required by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq.; and that the Award is arbitrary and capricious because it fails to take into account Dalal's contention that K&B inflated its billing records.  This Opinion addresses each of these arguments in turn.

I.  Jurisdiction to Confirm the Award

The Second Circuit has held that "a court which orders arbitration retains jurisdiction to determine any subsequent application involving the same agreement to arbitrate." Stolt-Neilsen SA v. Celanese AG, 430 F.3d 567, 573 (2d Cir. 2005) (citation omitted).  Therefore, because this Court ordered the parties to submit to arbitration in its May 11 Opinion, it retains jurisdiction over K&B's motion to confirm the Award.

Dalal's argument that the Court lacks jurisdiction because the Retainer Agreement does not include an explicit provision conferring jurisdiction to confirm any arbitral award is unavailing.  While it is true that the Second Circuit held in Varley v. Tarrytown Associates, Inc., 477 F.2d 208 (2d Cir. 1973), that a federal court lacked jurisdiction to confirm an arbitral award absent an explicit provision granting such authority, id. at 210, the Second Circuit has narrowed the scope of the Varley decision and has recognized the exception to the Varley rule outlined above in its 2005 decision in Stolt-Neilsen, 430 F.3d at 573.

Dalal's argument that service of the notice of application to this Court for confirmation of the Award was improper because it was not made by a marshal is also without merit.  Section 9 of the FAA sets forth the procedure for petitioning the Court for confirmation of an arbitration award.  It provides that

6

notice of an application for confirmation of an award on a nonresident party "shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court."  9 U.S.C. § 9.  The Second Circuit has found that service by a marshal is waived, however, where the adverse party was already before the court based on prior motion practice.  See Smiga v. Dean Witter Reynolds, Inc., 766 F.2d 698, 707 (2d Cir. 1985).  Thus, service by the marshal was not required in this case, since the Court had previously acquired personal jurisdiction over Dalal based on his appearance and submission of briefs in the litigation over the K&B attorneys' fees and the related litigation.

II.  Vacatur

Once jurisdiction is established, the FAA provides a "streamlined" process for a party seeking "a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it."  Hall Street Assocs. L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008).  Under § 9 of the FAA, "a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11."  Id. (quoting 9 U.S.C. § 9).

Section 10(a) of the FAA sets forth four situations in which a court may vacate an arbitration award:

> **(1)** where the award was procured by corruption, fraud, or undue means;
>
> **(2)** where there was evident partiality or corruption in the arbitrators, or either of them;
>
> **(3)** where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> **4)** where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.  Dalal invokes three of the four situations in his motion to vacate the Award.

1.  Partiality of Arbitrator

An arbitrator will be disqualified for evident partiality "only when a reasonable person, considering all of the circumstances, would have to conclude that an arbitrator was partial to one side."  <u>Applied Indus. Materials Corp. v. Ovalar Makine Ticaret Ve Sanayi, A.S.</u>, 492 F.3d 132, 137 (2d Cir. 2007) (citation omitted).  The only evidence cited by Dalal in support of his assertion that the arbitrator was improperly inclined to favor K&B's position is that the arbitrator "cut[] off Mr. Dalal from discussing the resignation or the statute of limitations issue or anything else pertinent to the case."  On the basis of this showing the Court is not compelled to conclude that the

8

arbitrator was partial to K&B.  The arbitrator has the authority to set deadlines and to limit the parties' time for presenting arguments; evidence that he did so, without more, does not provide a basis for a finding of partiality.

2.  Misconduct of Arbitrator

"Courts have interpreted section 10(a)(3) to mean that <u>except where fundamental fairness is violated</u>, arbitration determinations will not be opened up to evidentiary review." <u>Tempo Shain Corp. v. Bertek</u>, 120 F.3d 16, 20 (2d Cir. 1997) (emphasis supplied).  Dalal argues that the arbitrator committed misconduct when he refused to postpone the arbitration hearing at Dalal's request, and when he denied Dalal's request for discovery on K&B's standard hourly rate during the years it represented Dalal.  Dalal cites <u>Tempo Shain</u> to support his claim of misconduct; the court there found that the arbitration panel committed misconduct when it refused to delay the proceedings in order to receive testimony from the sole witness to the negotiations and understandings between the parties to the agreement in dispute.  <u>Id</u>. at 17-18.

The arbitrator's denial of Dalal's discovery request and refusal to postpone the proceedings is not analogous to the situation in <u>Tempo Shain</u>.  The arbitrator was entitled to conclude that he could assess the reasonableness of rate used by

9

K&B to calculate its fee, without resort to K&B's billing records for other clients.  As the arbitrator noted, the hourly rates "conformed to the retainer agreement which permitted a raise in these rates.  The increase was slight and was not objected to by [Dalal]."  Accordingly, the arbitrator's denial of Dalal's requests does not rise to the level of misconduct necessary for vacatur of an arbitration award.

3.   Arbitrator Exceeded His Powers

Dalal argues that the arbitrator exceeded his powers through his unquestioning acceptance of K&B's billing records. The Second Circuit has "consistently accorded the narrowest of readings to [§ 10(a)(4)], in order to facilitate the purpose underlying arbitration:  to provide parties with efficient dispute resolution, thereby obviating the need for protracted litigation."  <u>ReliaStar Life Ins. Co. of N.Y. v. EMC Nat. Life Co.</u>, 564 F.3d 81, 85 (2d Cir. 2009) (citation omitted) ("<u>ReliaStar</u>").  Thus, a party seeking vacatur of an arbitration panel's decision "must clear a high hurdle."  <u>Stolt-Nielson S.A. v. AnimalFeeds Int'l Corp.</u>, 130 S. Ct. 1758, 1767 (2010).  It is not enough "to show that the panel committed an error -- or even a serious error.  It is only when an arbitrator strays from interpretation and application of the agreement and effectively

10

dispenses his own brand of industrial justice that his decision may be unenforceable." Id. (citation omitted).

Under § 10(a)(4), the proper inquiry is therefore "whether the arbitrator's award draws its essence from the agreement to arbitrate . . . . If the answer to this question is yes, . . . the scope of the court's review of the award itself is limited." ReliaStar, 564 F.3d at 85-86 (citation omitted).  The court does "not consider whether the arbitrators correctly decided the issue" and should "uphold a challenged award as long as the arbitrator offers a barely colorable justification for the outcome reached." Id. at 86 (citation omitted).  Thus, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, a court's conviction that the arbitrator has committed serious error in resolving the disputed issue does not suffice to overturn his decision." Id. (citation omitted).

Dalal's claim that the arbitrator so exceeded his powers as to warrant vacatur of the Award is unavailing.  Dalal argues that K&B inflated the billing records that it submitted to the arbitrator and that the arbitrator failed to conduct a more searching inquiry into those records.  The arbitrator noted, however, that Dalal did "not directly challenge[]" the billing records presented during the arbitration proceedings by K&B. Further, the arbitrator found that Dalal's request that the fees

11

claimed by K&B be reduced "was based mostly upon his dissatisfaction with the performance [of K&B] and other issues not relevant to the arbitration." The arbitrator ultimately found that the hourly rates claimed by K&B "conformed to the retainer agreement" and that the amount of work claimed to have been performed by K&B was "not . . . unreasonable considering the extensive work outlined by the attorneys in their testimony at the hearing." Thus, the arbitrator provided an ample basis on which to support his acceptance of K&B's billing rates.

4. Award Not Final

Dalal contends that the arbitrator failed to render a "final" award within the meaning of § 10(a)(4) because he invited K&B to return once the December 31, 2009 judgment had been affirmed by the Second Circuit in order to complete the arbitration of the claim for an award of a contingency fee. "In order to be 'final,' an arbitration award must be intended by the arbitrators to be their complete determination of all claims submitted to them." Michaels v. Mariforum Shipping, S.A., 624 F.2d 411, 413 (2d Cir. 1980). This does not mean, however, that an award is not "final" where an arbitrator dismisses some of the claims and disposes of others on the merits, as was the case here. The arbitrator dismissed the contingent fee demand pending appeal of the December 31 judgment, but he disposed of

12

K&B's other claims on the merits.  Accordingly, the arbitrator's decision as to the claims adjudged on the merits is a "final" Award.

5.   Award Against Public Policy

Dalal argues that the Award contravenes the public policy that a client is free to discharge his attorney at any time. The Second Circuit has held that "an award of attorney's fees did not contravene New York's public policy against punitive arbitration awards because the fees were compensatory, not penal, in nature, and thus, an appropriate form of damages granted to the aggrieved party."  ReliaStar, 564 F.3d at 87.

While Dalal is correct that he was free to discharge K&B if he was dissatisfied with the firm's performance, he must still compensate K&B for their time spent working on his behalf. Indeed, K&B represented Dalal through the only trial conducted in the related litigation, and it is on the basis of the record created at that trial that Dalal won his judgment.  The Award is not punitive because it does not give to K&B any more than the fees owed to them for the work performed for Dalal. Accordingly, Dalal's argument that the Award contravenes public policy is meritless.

6. Manifest Disregard of the Law

Finally, Dalal argues that the arbitrator acted in manifest disregard of the law when he ruled that K&B's claims for compensation were not barred by the statute of limitations. While the future of the "manifest disregard" standard is unsettled, see Stolt-Nielson, 130 S. Ct. at 1768 n.3 (stating that the Supreme Court would "not decide whether 'manifest disregard' survives"), in this circuit, "manifest disregard" has been reconceptualized as "a judicial gloss" on the FAA's specific grounds for vacatur, and so interpreted, "remains a valid ground for vacating arbitration awards." T. Co Metals, LLC v. Dempsey Pipe & Supply, Inc., 592 F.3d 329, 340 (2d Cir. 2010) (citation omitted).

"[A]wards are vacated on grounds of manifest disregard only in those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent." Id. at 339 (citation omitted). Such impropriety requires "more than error or misunderstanding with respect to the law, or an arguable difference regarding the meaning or applicability of law urged upon an arbitrator." Id. (citation omitted). Thus, an award "should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." Id. (citation omitted). "With respect to contract interpretation, this standard

14

essentially bars review of whether an arbitrator misconstrued a contract." Id. (citation omitted).

Dalal has failed to carry his significant burden of showing that the arbitrator acted in manifest disregard of the law. By decision of November 3, 2010, the arbitrator found that K&B filed its complaint in this action within New York's six-year statute of limitations for breach of contract claims. The arbitrator found that Dalal discharged K&B on November 6, 2003, when he emailed counsel to that effect, but that the breach of contract did not occur until November 13, 2003, when Dalal rejected a bill from K&B for its services to date. Since K&B filed its Complaint in this action on November 10, 2009, the arbitrator held that the Complaint was filed within the six-year statute of limitations for breach of contract claims under New York law. It was reasonable for the arbitrator to conclude that the breach of contract occurred when Dalal rejected the bill from K&B, and Dalal has not shown why this finding is in manifest disregard of the law.

III. Dalal's Counterclaim

Dalal has also submitted a counterclaim seeking to re-litigate the arbitrator's decision regarding the application of the statute of limitations to K&B's claims for compensation. Because Dalal has not presented any successful challenges to

15

confirmation of the Award, the Award must be affirmed. Accordingly, the Court will not revisit the merits of the arbitrator's legal rulings.

## CONCLUSION

K&B's February 28, 2011 motion to confirm the Award is granted and Dalal's April 4, 2011 motion to vacate the Award is denied. The status of K&B's charging lien pursuant to N.Y. Judiciary Law § 475 will be determined after additional briefing pursuant to a separate scheduling order.

SO ORDERED:

Dated:   New York, New York
         May 12, 2011

                                         _____
                                              DENISE COTE
                                         United States District Judge

16

**COPIES MAILED TO:**

Larry Howard Krantz
Krantz & Berman LLP
747 Third Avenue, 32nd Floor
New York, NY 10017

Sandeep Dalal
P.O. Box 56753
Houston, TX 77256