UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
KRANTZ & BERMAN, LLP,                   :
                        Plaintiff,      :
                                        :   09 Civ. 9339 (DLC)
              -v-                       :
                                        :   MEMORDANUM OPINION
SANDEEP DALAL,                          :         & ORDER
                        Defendant.      :
                                        :
---------------------------------------- X

APPEARANCES:

For Plaintiff:
Larry Howard Krantz
Krantz & Berman LLP
747 Third Avenue, 32nd Floor
New York, NY 10017

For Defendant:
Sandeep Dalal, pro se
1809 Devonshire Crescent
Houston, TX 77030


DENISE COTE, District Judge:

      Following this Court's confirmation of an arbitration award

against defendant Sandeep Dalal ("Dalal") and entry of partial

judgment in favor of plaintiff Krantz & Berman LLP ("K&B"), K&B

has moved for an order fixing an attorneys' charging lien under

New York Judiciary Law § 475 and granting execution on the

judgment entered in the related litigation in which K&B

represented Dalal.  Dalal has cross-moved to stay execution of

the partial judgment pending appeal.  For the following reasons,

K&B's motion is granted in part and Dalal's cross-motion is granted.

BACKGROUND

A detailed account of the events underlying this action can be found in the Court's Opinions of May 11, 2010, July 2, 2010, and May 12, 2011.  See Krantz & Berman, LLP v. Dalal, No. 09 Civ. 9339 (DLC), 2010 WL 1875695 (S.D.N.Y. May 11, 2010); Krantz & Berman, LLP v. Dalal, No. 09 Civ. 9339 (DLC), 2010 WL 2674590 (S.D.N.Y. July 2, 2010); Krantz & Berman, LLP v. Dalal, No. 09 Civ. 9339 (DLC), 2011 WL 1810490 (S.D.N.Y. May 12, 2011). Briefly, K&B represented Dalal in connection with related litigation before this Court and was discharged by Dalal on November 6, 2003, as an appeal from this Court's judgment was pending.  Dalal refused to pay K&B's invoice for services rendered on his behalf, and on November 10, 2009, K&B filed the complaint in this action, asserting claims for breach of contract, quantum meruit, and for a charging lien pursuant to N.Y. Judiciary Law § 475.  By an Opinion of May 11, 2010, the Court granted K&B's cross-motion to compel arbitration and stayed K&B's claim for a charging lien pending the outcome of the arbitration.

Meanwhile, Dalal continued to press his claims in the related litigation before this Court and the Second Circuit.

Pursuant to an April 28, 2009 remand from the Court of Appeals, judgment was entered in Dalal's favor for $1,482,346.75, including interest, on December 31, 2009.  The December 31 judgment was affirmed by the Second Circuit on April 20, 2011.  See India.com v. Dalal, Nos. 10-438-cv & 10-612-cv, 2011 WL 1486074 (2d Cir. Apr. 20, 2011).  By Order of May 6, the Court permitted the judgment debtors in the related litigation to deposit the judgment amount in the Court Registry.

On February 3, 2011, the arbitrator issued an award (the "Award") against Dalal in the amount of $470,937.17 plus $9,600 in arbitration fees.  The arbitrator further provided that K&B could renew its contingent fee demand once the December 31, 2009 judgment in the related litigation became final.  The Court confirmed the Award by Opinion of May 12.  Krantz & Berman, LLP v. Dalal, No. 09 Civ. 9339 (DLC), 2011 WL 1810490 (S.D.N.Y. May 12, 2011).  Pursuant to Rule 54(b), Fed. R. Civ. P., the Court granted partial judgment in favor of K&B in the total amount of $480,537.17 by Order of May 18.  Dalal filed a notice of appeal of the May 18 partial judgment on June 13.

By a separate Order on May 12, the Court required the parties to submit proposed briefing schedules to govern any motion to enforce K&B's charging lien by May 27.  On May 27, K&B filed a motion in lieu of a proposed briefing schedule, asking the Court to fix an attorney's charging lien in the amount of

3

$480,537.17 pursuant to New York Judiciary Law § 475; permit K&B execution on the judgment in the related action as both a lienholder and a judgment creditor of Dalal; order the Clerk of Court to disburse the $480,537.17 from the amount held in the Court Registry in connection with the related litigation; and stay K&B's outstanding claim for a contingent fee recovery.  By an Order dated May 31, the Court required Dalal to submit any opposition to K&B's motion by June 27.  On June 27, the Court received Dalal's opposition to K&B's motion and a cross-motion to stay execution of the judgment pending appeal.  K&B filed a reply on July 1.

## DISCUSSION

K&B asserts that it is entitled to execution on the judgment in the related litigation both as a lienholder under New York Judiciary Law § 475 and as a judgment creditor. Because K&B is entitled to execution on the judgment in the related litigation by virtue of this Court's confirmation of the Award and entry of partial judgment in favor of K&B, it is not necessary to address K&B's claim to an attorney's lien.

Rule 69(a)(1), Fed. R. Civ. P., provides that a "money judgment is enforced by a writ of execution . . . .  The procedure on execution . . . must accord with the procedure of the state where the court is located."  Thus, New York law

governs any attempt by K&B to enforce the partial judgment in this case.  Section 5225(a), N.Y. C.P.L.R., provides in relevant part that

> Upon motion of the judgment creditor, upon notice to the judgment debtor, where it is shown that the judgment debtor is in possession or custody of money or other personal property in which he has an interest, the court shall order that the judgment debtor pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff.

Accordingly, K&B is entitled to execution on the judgment in the related litigation in the amount of $480,537.17 in satisfaction of its partial judgment against Dalal.  In addition, K&B is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961, which provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."  Interest is calculated at the prevailing federal rate, which was 1.6% for the week ending July 15, from the date of entry of the judgment, May 18, 2011, to July 20, yielding a total of $132.70.  Therefore, K&B is entitled to execution on the judgment in the related litigation in the amount of $480,537.17, plus post-judgment interest of $132.70 as of July 20, 2011.

K&B further requests that litigation on its contingent fee claim, which was dismissed without prejudice to renewal by the arbitrator, be stayed pending appeal of the May 18 partial judgment.  K&B represents that if the May 18 judgment is confirmed on appeal, there will be no need to litigate K&B's contingent fee claim, as the Award obtained by K&B "slightly exceeds the amount due under" the contingent fee claim. Accordingly, the contingent fee claim is stayed pending appeal of the May 18 judgment.

In his opposition to K&B's motion, Dalal does not address K&B's argument that it is entitled to execution on the judgment in the related litigation as a judgment creditor.  Instead, Dalal repeats many of the arguments he made in opposition to the confirmation of the Award.  He asserts that K&B is not entitled to an attorney's lien because it resigned from the case without cause; because any claim for a lien is barred by the statute of limitations; and because this Court's judgment in the related litigation was reversed and remanded in 2005.  Dalal further seeks to relitigate the calculation of the Award, arguing that K&B's invoice was inflated and that any charging lien should be calculated based on a quantum meruit theory of recovery. Finally, Dalal argues that K&B is not entitled to post-judgment interest under quantum meruit principles.  Dalal's arguments all

address the underlying merits of the Award and are thus foreclosed by the confirmation of the Award on May 12.

Dalal has also submitted a cross-motion seeking to stay execution of the partial judgment pending appeal pursuant to Rule 62(d), Fed. R. Civ. P.  Dalal submits as security the funds in the related litigation which are already deposited with the Court.  "Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right."  Arban v. West Pub. Corp., 345 F.3d 390, 409 (6th Cir. 2003).  The Sixth and Seventh Circuits have noted that an "inflexible requirement of a bond [is] inappropriate where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money."  Id. (citation omitted).  Here Dalal has satisfied the requirements of Rule 62(d) by submitting as security the funds already on deposit with the Court in the related litigation in the amount of $1,482,346.75.  The funds exceed the amount of the judgment in this case and cannot be withdrawn unless by order of the Court.  See 28 U.S.C. § 2042.  Accordingly, Dalal's motion to stay execution pending appeal is granted.


CONCLUSION

K&B's May 27, 2011 motion to execute on the judgment is granted in part.  K&B is entitled to execution on the judgment

7

as a judgment creditor, but execution is stayed pending appeal

of this Court's May 18, 2011 entry of partial judgment in favor

of K&B.

SO ORDERED:


Dated:    New York, New York
          July 20, 2011


                                    _____
                                           DENISE COTE
                                    United States District Judge

**COPIES MAILED TO:**

Larry Howard Krantz
Krantz & Berman LLP
747 Third Avenue, 32nd Floor
New York, NY 10017

Sandeep Dalal
P.O. Box 56753
Houston, TX 77256